[32 NYS3d 592]

In the Matter of INGRID BARCLAY, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 25, 2016

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a petition dated December 18, 2014. Following a preliminary hearing on August 5, 2015, and a hearing on August 24, 2015, the Special Referee sustained all of the charges. The Grievance Committee now moves to confirm the report of the Special Referee and to impose such discipline as the Court deems just and appropriate. Although served with a copy of the motion, the respondent has neither submitted any papers in response nor requested additional time in which to do so.

Charge one alleges that the respondent neglected immigration matters entrusted to her, in violation of rule 1.3 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0). In or about April 2013, Carol-Anne Guadeloupe retained the respondent to prepare and file a petition "for alien relative" and an applica-

tion "to adjust status" (hereinafter the Guadeloupe matters) with the United States Citizenship and Immigration Services (hereinafter USCIS). In or about April 2013, Guadaloupe paid the respondent $375 toward her legal fee. On or about June 1, 2013, Guadaloupe gave the respondent three money orders, in the sums of $1,000, $70 and $420, for USCIS filing and processing fees for the Guadeloupe matters. In or about August 2013, Guadeloupe gave the respondent an additional $375, representing the balance of her legal fee. The respondent failed to either file the Guadeloupe matters with USCIS or take any further action with respect to the matters.

Charge two alleges that the respondent misappropriated funds or other property entrusted to her as a fiduciary, incident to her practice of law, in violation of rule 1.15 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent used the above referenced $1,000 and $70 money orders that she received from Guadeloupe for another client matter.

Charge three alleges that the respondent failed to refund the unearned portion of her legal fee upon termination of her representation of a client, in violation of rule 1.16 (e) of the Rules of Professional Conduct (22 NYCRR 1200.0). In or about December 2013, the respondent was substituted in the Guadeloupe matters. The respondent acknowledged that she had not earned $375 of the $750 legal fee that she received from Guadeloupe. To date, the respondent has failed to return the unearned portion of her fee to Guadeloupe.

Charge four alleges that the respondent failed to cooperate with the Grievance Committee's investigation of a complaint of professional misconduct against her, in violation of rule 8.4 (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). In or about March 2014, the Grievance Committee received a complaint of professional misconduct against the respondent from Guadeloupe. At an examination under oath on September 12, 2014, the respondent was directed to advise the Grievance Committee, within 10 days, of her efforts to locate certain documents from her files regarding the Guadeloupe matters. The respondent failed to so advise the Grievance Committee or request additional time in which to do so. On October 20, 2014, staff counsel called the respondent's telephone number and left a message requesting that she return the call and advise of her efforts to locate the documents. The respondent failed to call or respond in any way.

By letters dated November 10, 2014, sent by first-class and certified mail to an address provided by the respondent at her

examination on September 12, 2014, the Grievance Committee directed the respondent to appear at its offices on November 20, 2014 for a second examination under oath. Neither letter was returned, and the website for the United States Postal Service indicates that the respondent failed to claim the certified letter. The respondent failed to appear on November 20, 2014 or contact the Grievance Committee in any way. On November 20, 2014, staff counsel called the respondent's telephone number and left a message requesting that she return the call. To date, the respondent has failed to return the call or respond in any way.

Charge five alleges that the respondent, as a suspended attorney, has failed to re-register with the Office of Court Administration, as required by section 468-a of the Judiciary Law and of Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1, in violation of rule 8.4 (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). As a suspended attorney, the respondent is required to re-register with the Office of Court Administration by filing a biennial registration statement within 30 days of her birthday. The respondent failed to file biennial registration statements with the Office of Court Administration for two biennial registration periods: 2011-2012 and 2013-2014.

Based on the evidence adduced, and the respondent's admissions, the Special Referee properly sustained all of the charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

In mitigation, the respondent testified at the disciplinary hearing that her use of fees she received on the Guadeloupe matters for another client was an inadvertent mistake, that she intended to make restitution once she is gainfully employed, and that she was in "crisis mode" due to her suspension from the practice of law and foreclosure on her home. The Special Referee noted in his report that the respondent showed genuine remorse and was experiencing great difficulties.

The respondent is currently suspended based on findings, inter alia, that she engaged in a pattern and practice of failing to safeguard funds, and converting funds, violated a court order, and committed other escrow improprieties. The three-year suspension, which commenced on December 26, 2013, has not expired. In addition, the respondent was previously issued a letter of admonition in 1997, and a letter of caution in 1994. We find the respondent's disciplinary history to be an aggravating factor.

Records of the New York State Office of Court Administration show that the respondent is delinquent in the payment of her registration fees for the 2015-2016 biennial period, in addition to the 2011-2012 and 2013-2014 biennial periods.

Notwithstanding the mitigating factors present in this case, we find that a suspension from the practice of law for two years is warranted, in addition to the three-year suspension previously imposed by opinion and order of this Court dated December 26, 2013.

ENG, P.J., MASTRO, RIVERA, DILLON and AUSTIN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Ingrid Barclay, is suspended from the practice of law for a period of two years, in addition to the previous suspension of three years, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than June 26, 2018. In such application, the respondent shall furnish satisfactory proof (1) that during said period she refrained from practicing or attempting to practice law, (2) that she has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) that she has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) that she has otherwise properly conducted herself; and it is further,

Ordered that the respondent, Ingrid Barclay, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Ingrid Barclay, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, Ingrid Barclay, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).